UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROY BORDAMONTE,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR LORA, LUIS GUZMAN, GARY SCHAER, ALEX BLANCO, RALPH DANNA, CARLOS FIGUEROA, individually and in their official capacities, and THE CITY OF PASSAIC, a municipal corporation,<br><br>Defendants. | Civ. No. 2:17-02642<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Roy Bordamonte brings this action against Alex Blanco ("Blanco"), five other individuals and the City of Passaic (collectively "Defendants"), alleging violations of Plaintiff's First Amendment right to freedom of speech pursuant to 42 U.S.C. §§ 1983 and 1985, the New Jersey Civil Rights Act, N.J.S.A. 10:6–2, and the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq*. This matter comes before the Court on Defendant Blanco's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and on Plaintiff's motion to amend his complaint. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED** in part, and **DENIED** in part. Plaintiff's motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiff is a citizen of the City of Passaic, where he also serves as a police officer in the Passaic Police Department ("PPD"). *See* Pl.'s Mot. to Amend/Correct Compl., Ex. 1 at ¶ 16, ECF No. 18 [hereinafter "Am. Compl.].[1] Defendant Blanco is the former Mayor of Passaic. *Id*. at ¶ 6. The other individual defendants are Passaic government officials and police officers, including the current Mayor. *Id*.

Prior to September 2016, Plaintiff submits that he was a Sergeant in the PPD assigned to the Detective Bureau, "of which he had *de facto* command." He also held leadership positions in the PPD's Quality of Life, gang and narcotics units. *See id*. at ¶ 11.

---

[1] The Court will grant Plaintiff's motion to amend for the reasons stated below. Accordingly, the Court refers to the amended complaint and the factual allegations contained therein.

1

Plaintiff further submits that he was "very effective" in these roles and "received many commendations" for his service. *Id*. at ¶ 11.

At some point prior to September 16, 2016, federal authorities indicted Blanco on federal corruption charges. *See id*. at ¶ 13. Plaintiff alleges that Defendant Schaer, the President of the City Council, selected Defendant Lora as his preferred candidate to replace Blanco as Mayor around that same time. *See id*. at ¶ 14. Shortly thereafter, Richard Diaz, then Director of Public Safety, announced his candidacy for Mayor. *See id*. at ¶¶ 11, 15. Plaintiff attended Diaz's announcement and submits that he was a known supporter of Diaz's candidacy. *Id*. at ¶ 17.

Plaintiff alleges that Defendants violated his right to freedom of speech by taking retaliatory actions against him due to his political support of Diaz. *See id*. at ¶¶ 21–42. The Complaint alleges the following five counts:

> **Count I:** violation of Plaintiff's rights under 42 U.S.C. § 1983, *id*. at ¶¶ 43–47;
> **Count II:** violation of Plaintiff's rights under the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-2, *id*. at ¶¶ 48–52;
> **Count III:** conspiracy to violate Plaintiff's rights under 42 U.S.C. § 1985, *id*. at ¶¶ 53–55.
> **Count IV:** violation of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et seq*., *id*. at ¶¶ 56–58; and
> **Count V:** *respondeat superior* against Defendant City of Passaic, *id*. at ¶ 59.

Specifically, Plaintiff alleges that he was demoted from detective and assigned to patrol duties on October 26, 2016. *Id*. at ¶ 21. Plaintiff also lost his leadership position in the Quality of Life and narcotics units. *Id*. at ¶ 22. Plaintiff further alleges various and continued actions undertaken by Defendants intended to harass him, including the creation of an internal affairs investigation that targeted him. *See id*. at ¶¶ 24–42.

On November 17, 2016, Defendant Blanco pleaded guilty to the corruption charges and forfeited the Mayor's office. *Id*. at ¶ 25. Significant to the instant motion, Plaintiff alleges that Blanco was "instrumental in" the decision to demote Plaintiff prior to leaving the Mayor's office. *See id*. at ¶ 23. Plaintiff further alleges that Blanco, along with Defendants Schaer and Lora, directed Defendant Danna's harassment of Plaintiff, which included the interference of Plaintiff's use of accumulated vacation and sick days contrary to customary usage and contract. *See id* at ¶ 24.

Defendant Blanco now moves individually to dismiss all of Plaintiff's claims against him. *See* Def.'s Br. in Supp. of Mot. to Dismiss Compl. ("Blanco Mot."), ECF No. 15-2. Blanco argues that Plaintiff does not allege any facts that, if proven, "could arguably establish a causal link between any act and omission to act by Defendant Blanco" in connection to the retaliatory acts by other Defendants. *See id*. at 10–11, 16. Blanco submits that all of the retaliatory acts alleged in the Complaint occurred after he vacated the Mayor's office. *See id*. at 11, 15–16.

Plaintiff responds that he alleges retaliatory acts that occurred prior to Blanco leaving office, including Plaintiff's demotion, and that the Complaint sufficiently establishes a causal link between the retaliation and Blanco. *See* Pl.'s Br. in Opp'n ("Pl.'s Opp'n") 1, ECF No. 17. Plaintiff argues that conversations and communications concerning Plaintiff's demotion must have occurred at "a high level," and that Blanco "was certainly in a position to be involved with these decisions." *See id*. Furthermore, Plaintiff reiterates that Blanco did not leave office until November 17, 2016; three weeks after the alleged harassment of Plaintiff began. *See id*. In an effort to clarify his allegations against Blanco, Plaintiff moved separately to amend the Complaint. *See* Pl.'s Mot. to Amend/Correct Compl. ("Mot. to Amend"), ECF No. 18.

In his reply, Blanco argues that the proposed amended complaint still does not establish any causal link between Blanco and the retaliatory acts. *See* Def.'s Reply Br. ("Def.'s Reply") 9, ECF No. 19. Blanco submits that the allegations of Plaintiff's federal claims "must be ignored since they only recite legal conclusions." *Id*. at 2. Blanco further argues that the alleged facts are not plausible and purely speculative in nature. *See id*. at 4–9.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id*. at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

## III. DISCUSSION

The Court will first address Plaintiff's motion to amend before turning to Defendant Blanco's motion to dismiss. As a preliminary matter, Plaintiff clarified that Counts IV and

V of the Complaint are not directed at Blanco and Plaintiff does not object to their dismissal here. Accordingly, Counts IV and V are **DISMISSED** against Defendant Blanco only.

### A. Plaintiff's Motion to Amend

Plaintiff moves to amend the Complaint in an effort to clarify the allegations against Blanco and others. *See* Pl.'s Opp'n at 1. The proposed amendments appear in boldface and italicized text and attempt to clarify, in part, the connection between Blanco and the alleged retaliatory actions undertaken by other PPD officers against Plaintiff. *See* Am. Compl. at ¶¶ 21–23. The amendments do not make any new factual allegations or add new counts against Defendants. There is no undue delay, bad faith or dilatory motive on the part of Plaintiff. The proposed amendments are not futile and do not prejudice Defendants. The Court, therefore, will accept Plaintiff's proposed amended complaint (hereinafter "the Complaint"). *See United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016) ("Generally, Rule 15 motions should be granted."). Accordingly, Plaintiff's motion is **GRANTED**.

### B. Plaintiff's § 1983 and N.J.S.A. 10:6-1 Claims Against Blanco

The New Jersey Civil Rights Act was "designed as a 'State analog to the federal civil rights statute codified at 42 U.S.C.A. [§] 1983' and was not intended to 'create any new substantive rights.'" *Perez v. Zagami, LLC*, 94 A.3d 869, 875 (N.J. 2014) (quoting *Governor's Statement on Signing Assembly Bill No. 2073* (Sept. 10, 2004)). Indeed, the New Jersey Supreme Court interpreted the private cause of action authorized by the NJCRA as a correlate of the federal cause of action authorized under § 1983. *See id*. at 877. The Court, therefore, will collectively address Plaintiff's state and federal civil rights claims.

"To state a claim under § 1983, [Plaintiff] must show that the defendant, under the color of state law, deprived them of a federal constitutional or statutory right." *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (citation omitted). "To prevail on a retaliation claim, [Plaintiff] must prove '(1) that he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation." *Id*. (quoting *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004)). Blanco does not contest the sufficiency of the Complaint as to the first and second elements. Blanco only contests that the Complaint, as amended, does not allege any facts that would establish a causal link connecting him to the alleged retaliatory actions.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). "Personal involvement can be shown when a supervisor either personally directs the retaliatory action or has actual knowledge of, and acquiesces in, the retaliatory action." *Queer v. Westmoreland Cnty.*, 296 F. App'x 290, 295 (3d Cir. 2008) (citing *Rode*, 845 F.2d at 1207). "The Third Circuit has held that a civil rights complaint is adequate where it states the

conduct, time, place, and persons responsible." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)).

Blanco argues that the Complaint contains no factual allegations that, even if proven, would show his personal involvement in the retaliatory actions. The Court disagrees. The Complaint specifically states that Blanco directed Defendant Danna to harass Plaintiff in November 2016, while Blanco was still Mayor. *See* Am. Compl. at ¶ 24. Furthermore, the Complaint alleges that Blanco was "instrumental" in the decision to demote Plaintiff from the Detective Unit on October 26, 2016, again while Blanco was still Mayor. *See id*. at ¶¶ 21–23. At a minimum, the Complaint sufficiently alleges that Blanco had actual knowledge of, and acquiesced to, Plaintiff's demotion. Accordingly, Defendant Blanco's motion to dismiss is **DENIED** with respect to Counts I and II.

### C. Plaintiff's § 1985 Claim

To state a claim under § 1985(3), Plaintiff must allege: "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *See Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828–29 (1983)). Furthermore, "[Plaintiff] must allege 'some racial *or perhaps otherwise class-based*, invidiously discriminatory animus behind the conspirators' action' in order to state a claim." *See id*. at 135 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (emphasis added by the Circuit Court). Additionally, Plaintiff must allege that he is a member of a class "that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct." *Id*. at 136.

Plaintiff alleges only that he is the victim of Defendants' retaliatory actions because he supported Diaz for Mayor instead of Defendant Lora. Plaintiff does not submit that he is a member of an independent and identifiable class, which was the target of the alleged retaliation. In fact, he admits that the Defendants are all members of the Democratic Party, of which Diaz was also a member when he ran for Mayor. *See* Am. Compl. at ¶¶ 6, 15. Regardless, the Third Circuit has made clear that "unlike discrimination against a class on the basis of race, sex, or mental retardation, discrimination on the basis of political affiliation is not, as a matter of law, discrimination so invidious such that § 1985(3) would apply." *Farber*, 440 F.3d at 135.

Consequently, Plaintiff failed to state a claim under § 1985(3) against Blanco or any of the other Defendants. In addition, based on the facts alleged in the Complaint, the Court concludes that Plaintiff cannot possibly amend his pleadings in a way that would sufficiently allege a § 1985(3) claim. "It is well established that, even if a party does not make a formal motion to dismiss, the court may, *sua sponte*, dismiss the complaint where the inadequacy of the complaint is clear." *Michaels v. State of New Jersey*, 955 F. Supp. 315, 331 (D.N.J. 1996) (citing, among other cases, *Bryson v. Brand Insulations, Inc.*, 621

F.2d 556, 559 (3d Cir. 1980)). For this reason, the Court will dismiss *sua sponte* Plaintiff's § 1985(3) claim against all Defendants. Accordingly, Defendant Blanco's motion to dismiss is **GRANTED** with respect to Count III, and Count III is **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED** in part, and **DENIED** in part. The motion to dismiss is granted with respect to Counts IV and V against **ONLY DEFENDANT BLANCO** and those counts are **DISMISSED WITH PREJUDICE**. The motion to dismiss is further granted with respect to Count III against **ALL DEFENDANTS** and that count is **DISMISSED WITHOUT PREJUDICE**. The motion to dismiss is denied with respect to Counts I and II. Plaintiff's motion to amend the complaint is **GRANTED**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 7, 2017**