UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROY BORDAMONTE,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR LORA, LUIS GUZMAN, GARY SCHAER, ALEX BLANCO, RALPH DANNA, CARLOS FIGUEROA, and the CITY OF PASSAIC,<br><br>Defendants. | Civ. No. 2:17-cv-02642 (WJM)<br><br>ORDER |

**WILLIAM J. MARTINI, U.S.D.J.:**

On January 9, 2020, Chief Magistrate Judge Falk entered an order setting a scheduling for summary judgment briefing in this matter. ECF No. 88. All motions for summary judgment were to be filed by January 27, 2020, opposition was due by February 27, 2020, and replies were to be filed by March 12, 2020. *Id.* On January 14, 2020, Defendant City of Passaic requested a two-week extension to file its summary judgment motion because of an unforeseeable medical situation, which the Court granted.[1] ECF Nos. 89 & 90. Counsel for Defendant Ralph Danna filed a summary judgment motion on January 23, 2020. ECF No. 91. Counsel for Defendants Carlos Figueroa, Luis Guzman, Hector Lora, and Gary Schaer, counsel for City of Passaic, and counsel for Alex Blanco filed motions for summary judgment on February 11, 2020.

On March 24, 2020, this Court entered Standing Order 2020-04, which ordered all filing deadlines in civil matters that fell between March 25, 2020 and April 30, 2020 extended by 45 days, unless the presiding judge in an individual case directed otherwise. *In re: Additional Measures Due to the Exigent Circumstances Created by Covid-19*, Standing Order 2020-04 (D.N.J. Mar. 24, 2020). On April 9, 2020, Plaintiff's counsel filed an opposition to Defendants' motions for summary judgment. Counsel for Defendant City of Passaic filed a letter objecting to Defendant's untimely opposition.

---

[1] While the language of the Court's order extending the deadline seems to apply only to the City of Passaic's motion for summary judgment, the Court accepts as governing Defendants' understanding that the extension applied to all briefing deadlines—all summary judgment motions were to be filed by February 11, 2020, opposition was to be filed by March 12, 2020, and replies were due by March 26, 2020.

ECF No. 97. In light of the ongoing Covid-19 global pandemic—despite the fact that under the extended briefing schedule, Plaintiff's opposition was due on March 12, 2020, before the Court's standing order of March 24, 2020 and that Plaintiff did not seek leave of Court to file his untimely opposition—the Court accepted Plaintiff's untimely April 9, 2020 Opposition to Defendants' Motion for Summary judgment and extended Defendants' reply deadlines until May 11, 2020. ECF No. 98. All Defendants filed their reply briefs on May 11, 2020. ECF Nos. 99-102.

On May 19, 2020, Plaintiff filed signed certifications of Plaintiff Roy Bordamonte and witness Richard Diaz. ECF No. 103. These certifications were included as part of Plaintiff's opposition, but were unsigned. ECF Nos. 96-8 & 96-11. In his May 19, 2020 filing, counsel for Plaintiff states that he "was unaware that [he] had filed the wrong document; none of [his] colleagues contacted [him] to point out the oversight. Both were signed on April 8, and in [his] possession that day . . ." ECF No. 103. On May 20, 2020, Counsel for Defendants City of Passaic and Lieutenant Ralph Danna filed letters requesting that the Court reject Plaintiff's May 19, 2020 filing because: (1) Plaintiff filed the signed certifications *after* all Defendants filed their reply briefs and without leave of court; (2) the certifications do not comply with Federal Rule of Civil Procedure 56, which only permits affidavits or declarations from fact witnesses in connection with summary judgments, not certifications; and (3) the signature pages are photographs of signature pages, not actual signature pages. ECF Nos. 104 & 105.

Federal Rule of Civil Procedure 6(b)(1)(B) provides that: "When an act may or must be done within a specified time, the court may, for good cause extend the time *on motion made* after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). When Plaintiff filed his Motion in Opposition, ECF No. 96, on April 9, 2020, nearly a month after the extended deadline, he did not file a motion seeking an extension of time. Nevertheless, the Court accepted his filing. Plaintiff seeks to supplement his opposition with certifications that are purportedly signed *after* all Defendants filed their replies pursuant to a revised schedule. Because Plaintiff filed no motion pursuant to Rule 6(b)(1)(B), or sought leave of Court of any kind, the Court cannot consider Plaintiff's certifications.

IT IS on this 26 day of May 2020, **ORDERED** that Plaintiff's Certification in Opposition, ECF 103, is **STRICKEN**. Summary judgment briefing in this matter is closed.

/s/ William J. Martini
WILLIAM J. MARTINI, U.S.D.J.